**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **LISA MINTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:05-cv-878-CSC |
| ) | |
| **CULLIGAN WATER INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**ANSWER**

Trumbull Bottled Water, Inc. d/b/a Culligan of the Wiregrass ("Culligan"), which was served with the Summons and Complaint directed to the defendant designated "Culligan Water, Inc.," submits this Answer to the plaintiff's Complaint.

**First Defense**

Culligan answers the specifically-numbered paragraphs of the Complaint as follows:

1. Culligan admits the plaintiff has invoked the jurisdiction of this Court pursuant to the referenced statutes. Culligan denies any material allegations of this paragraph, including, without limitation, any allegation that Culligan has deprived the plaintiff of any rights.

2. Culligan denies the allegations of this paragraph.

3. Culligan denies the allegations of this paragraph.

4. Culligan denies committing the alleged act of discrimination. On information and belief, Culligan admits that the plaintiff filed an EEOC charge on or about February 14, 2005. Culligan denies any other material allegations of this paragraph.

5. Admitted on information and belief.

6. Culligan denies the allegations of this paragraph.

7. Culligan is without information or belief to admit or deny the allegations of this paragraph, and therefore denies the same.

8. Culligan is without information or belief to admit or deny the allegations of this paragraph, and therefore denies the same. Culligan is not familiar with any entity named "Culligan Water, Inc."

9. Culligan is without information or belief to admit or deny the allegations of this paragraph, and therefore denies the same.

10. Culligan denies the allegations of this paragraph.

11. Culligan denies the allegations of this paragraph.

12. Culligan is without information or belief to admit or deny the allegations of this paragraph, and therefore denies the same.

13. Culligan is without information or belief to admit or deny the allegations of this paragraph, and therefore denies the same.

14. Culligan denies the allegations of this paragraph.

15. Culligan denies the allegations of this paragraph.

16. Culligan adopts and incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

17. Culligan denies the allegations of this paragraph.

18. Culligan denies the allegations of this paragraph.

19. Culligan denies the allegations of this paragraph. Culligan has never denied a prospective employee the opportunity to apply for any position.

20. Culligan denies the allegations of this paragraph.

21.     Culligan denies the allegations of this paragraph.

Culligan further denies that the plaintiff is entitled to any of the relief sought in the Complaint.

### Second Defense

Culligan did not intentionally discriminate against the plaintiff.

### Third Defense

The Complaint fails to state a claim against Culligan upon which relief may be granted.

### Fourth Defense

The plaintiff has failed to mitigate her alleged damages.

### Fifth Defense

Any discriminatory or wrongful acts or decisions taken by Culligan's managerial agents would have been contrary to its good faith efforts to comply with federal law.

### Sixth Defense

The plaintiff cannot pursue any claims under Title VII or the Civil Rights Act of 1991 based on events occurring more that 180 days prior to the date she filed her Equal Employment Opportunity Commission charge of discrimination.

### Seventh Defense

The plaintiff cannot pursue any claims under Title VII or the Civil Rights Act of 1991 that are not like or related to the claims raised in her Equal Employment Opportunity Commission charge of discrimination.

**Eighth Defense**

This Court lacks subject matter jurisdiction over the plaintiff's Title VII claims because Culligan is not an "employer" as the term is defined in 42 U.S.C. § 2000 e(b).

**Ninth Defense**

If it occurred at all, any conduct complained of was motivated by legitimate, non-discriminatory reasons.

**Tenth Defense**

The plaintiff cannot recover punitive damages because Culligan did not take any action that it knew, believed, or should have known may have been in violation of federal law.

**Eleventh Defense**

Culligan did not take any adverse employment action with respect to the plaintiff.

**Twelfth Defense**

Assuming falsely that the plaintiff's gender motivated any actions complained of, the same decisions would have been made in the absence of any impermissible motivation.

**Thirteenth Defense**

Any conduct complained of relating to the plaintiff was based upon factors other than gender.

**Fourteenth Defense**

Any conduct complained of was fully justified based upon differences of individual qualifications, skill, effort, responsibility, merit, quantity of production, quality of production, or other legitimate business reasons or factors other than gender.

**Fifteenth Defense**

The plaintiff did not apply for any position with Culligan, and therefore cannot establish that she was injured by the alleged discriminatory practices.

**Sixteenth Defense**

Culligan pleads the defenses of insufficiency of process and insufficiency of service of process.

**Seventeenth Defense**

The plaintiff is not entitled to a jury trial on her claims for equitable relief.

**Eighteenth Defense**

At the time this Answer is filed, discovery has not yet been completed. Accordingly, Culligan reserves the right to add such further or supplemental defenses as may be appropriate based upon information obtained or developed through discovery.

/s/ Charles K. Hamilton
Charles K. Hamilton
Attorney for Trumbull Bottled Water, Inc.
d/b/a Culligan of the Wiregrass

OF COUNSEL:

BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
The Luckie Building, Suite 415
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama  35253
(205) 879-1100
(205) 879-4300 (fax)
khamilton@bmrslaw.com

CERTIFICATE OF SERVICE

    I hereby certify that on this the 11th day of October, 2005, I electronically filed the foregoing **Answer** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    C. Michael Quinn
    WIGGINS, CHILDS, QUINN AND PANTAZIS, LLC
    The Kress Building
    301 19th Street North
    Birmingham, Alabama 35203

    /s/ Charles K. Hamilton
    OF COUNSEL