**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LISA MINTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 1:05-cv-878-CSC |
| | ) | |
| **CULLIGAN WATER INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO DISMISS AND RESPONSE TO SHOW CAUSE ORDER**

Trumbull Bottled Water, Inc. d/b/a Culligan of the Wiregrass hereby moves for its immediate dismissal from this case, and responds to the Court's November 17, 2005 order requiring the parties to show cause by November 30, 2005 why Trumbull should not be substituted for the named defendant, Culligan Water, Inc.

1.  Although it has answered the Complaint and participated in the required parties' planning meeting, Trumbull does not concede that it is a proper defendant in this case. Trumbull responded to the Complaint because twenty days earlier it received the Summons and Complaint at its Dothan facility. However, the Summons is addressed not to Trumbull or its d/b/a name, Culligan of the Wiregrass, but to the "Registered Agent" of Culligan Water, Inc. (See Exhibit A hereto.) Trumbull is not the Registered Agent of Culligan Water, Inc., does not do business as Culligan Water, Inc., and is not aware of any entity doing business by that name. Trumbull has no record of any person named Lisa Minton ever applying for a position at its Dothan facility. Trumbull submitted its Answer to avoid the entry of default, but in its Answer denied the alleged conversation upon which the plaintiff based her claims.

2. Even if Trumbull is the intended defendant, it has not been properly served with process. As stated above, the Summons and Complaint were served on Trumbull not in Trumbull's actual name or as Culligan of the Wiregrass, but as agent for Culligan Water, Inc. The Complaint Trumbull was served with does not mention Trumbull by name or properly state a claim against it.

3. In its Answer filed on October 11, 2005, Trumbull advised the plaintiff and the Court of its proper name and of the fact that it was not aware of any entity named Culligan Water, Inc. Since that time, the plaintiff has never sought permission to amend her Complaint to add Trumbull as a defendant or state a claim against Trumbull. The plaintiff should not be permitted to avoid the requirements of due process and the Rules of Civil Procedure by simply having Trumbull substituted for the named defendant. At a minimum, the plaintiff should be required to state a proper claim against Trumbull before Trumbull is compelled to incur any additional legal expenses defending itself in a case where it is not even mentioned.[1]

4. Trumbull reasserts the defenses of failure to state a claim, insufficiency of service, and insufficiency of service of process, which Trumbull previously asserted in its Answer.

For these reasons, Trumbull Bottled Water, Inc. respectfully submits that it should not be substituted for the defendant identified as Culligan Water, Inc., and moves this Court to dismiss it from this case for failure to state a claim, insufficiency of process, and insufficiency of service of process.

---

[1] Although the issue is not before the Court at this time because no cause of action has been asserted against it, Trumbull would object to any attempt by the plaintiff to amend the Complaint and add Trumbull to the case, based on the statute of limitations. More than 90 has elapsed since the plaintiff received her July 28, 2005 "right to sue" notice from the EEOC, and she still has not stated a claim against Trumbull or attempted to serve Trumbull in its own name, rather than as the registered agent of an unknown entity.

          /s/ Charles K. Hamilton
          Charles K. Hamilton
          Attorney for Trumbull Bottled Water, Inc.
          d/b/a Culligan of the Wiregrass

OF COUNSEL:

BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
The Luckie Building, Suite 415
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama  35253
(205) 879-1100
(205) 879-4300 (fax)
khamilton@bmrslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of November, 2005, I electronically filed the foregoing **Motion to Dismiss and Response to Show Cause Order** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    C. Michael Quinn
    Joshua D. Wilson
    WIGGINS, CHILDS, QUINN AND PANTAZIS, LLC
    The Kress Building
    301 19th Street North
    Birmingham, Alabama 35203

          /s/ Charles K. Hamilton
          OF COUNSEL