IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA MINTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 1:05-CV-878-C |
| CULLIGAN WATER INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MOTION TO AMEND COMPLAINT AND IN THE
ALTERNATIVE RESPONSE TO MOTION TO DISMISS**

**COMES NOW**, Plaintiff, in the above-styled matter and responds to Defendant Trumbull Bottled Water, Inc. d/b/a Culligan of the Wiregrass' (hereinafter "Trumbull") Motion to Dismiss. In response to this Court's Order to show cause of November 17, 2005 (Doc. 11), Defendant Trumbull filed a Response and a Motion to Dismiss on the grounds of failure to state a claim, insufficiency of service, and insufficiency of service of process.

**I.    Motion to Amend Complaint**

In Response, Plaintiff again states that Trumbull Bottled Water, Inc. d/b/a Culligan of the Wiregrass "Trumbull" is the proper party and should be substituted as the proper Defendant. Dismissing the complaint and forcing the Plaintiff to reserve the same corporation under a different but similar name would be a waste of judicial efficiency and a waste of costs and attorneys fees. Instead, Plaintiff hereby asserts a Motion to allow her

31663.wpd

to amend her complaint. (See Attached Exhibit A – Amended Complaint).

Defendant in its Answer to the Complaint submits that it was improperly designated as Culligan Water, Inc. Plaintiff now moves this court to properly name Defendant as follows:

**Trumbull Bottled Water, Inc. d/b/a Culligan of the Wiregrass.**

The Defendant, Trumbull Bottled Water, Inc., is a Corporation doing business in Houston County, Alabama and other parts of Alabama under the name of Culligan of the Wiregrass. The Defendant Trumbull is incorporated in both Florida and Alabama, with its principal address at 315 15th Street Panama City, Florida 32405. Trumbull's registered agent here in Alabama is "The Corporation Company" with an address of 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109. The place of business Trumbull was served at on September 21, 2005 was 2002 Ross Clark Circle, Dothan, Alabama 36301. (See Attached Exhibit B). This is the same location where plaintiff went to apply for a job and the same place that Trumbull advertised a job opening under the name Culligan Bottled Water. (See First Amended Complaint ¶ 9-15).

II.      **Response to Motion to Dismiss**

     a.    **Trumbull Bottled Water, Inc. d/b/a Culligan of the Wiregrass has been given sufficient notice it is the party intended to be sued.**

Although Culligan Water Inc. was not properly named in the original complaint, the Plaintiff has given sufficient notice to Trumbull that it is the entity being sued. Trumbull is the party that advertised a position in the newspaper under the name Culligan Bottled

Water, which Plaintiff responded to at its principal place of business. (See First Amended Complaint ¶ 9-15). In fact, Trumbull is the same entity that responded that the Plaintiff's EEOC charge. (See Attached Exhibit C – Culligan's Response to the EEOC charge). Furthermore, Trumbull is the same entity that participated in the Report of Parties Planning Meeting. It is clear that Trumbull has received sufficient notice that it "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." *Fed.R.Civ.P.* 15(c)(3).           b  .

**An Amendment to substitute the proper party in the Complaint should be freely granted.**

*Fed.R.Civ.P.* 15(c) indicates that an amendment to the pleading to identify the proper party should be given when the amendment is used to change the party's name, especially when a party has received notice that it is the entity intended to be sued. By responding to an EEOC charge, by answering the Complaint and by participating in the Report of Parties Planning meeting, Trumbull has clearly received notice of the action against it even if the name, although closely identified, was not completely accurate.[1]

Furthermore, *Fed.R.Civ.P.* 15(c) indicates that such amendment of the pleadings should "relate back to the date of the original pleading when ... (3) the amendment changes the party or the naming of the party against whom a claim is asserted." Therefore,

---

[1] The fact that this complaint should not be dismissed is further established by the 1991 Advisory Committee notes to *Fed.R.Civ.P* 15(c)(3): "An intended defendant who is notified of the action within the period allowed by Rule 4(m)... for service of summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name.... [a] complaint may be amended at any time to correct a defect such as a misnomer or misidentification."

31663.wpd

Defendant's contention that no cause of action has been asserted against it because of the statute of limitations is incorrect. Trumbull was served at its' principal place of business in Alabama at 2002 Ross Clark Circle, Dothan, Alabama 36301 on September 21, 2005. (See Attached Exhibit B). Because the amended complaint should relate back to this date, the Defendant was served within 90 days of the issuance of the Right to Sue on July 28, 2005.

This is consistent with the rule as asserted in *Fed.R.Civ.P.* 17(a) in which "every action should be prosecuted in the name of the real party in interest." In fact, "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by ... substitution of, the real party in interest; and such ... substitution shall have the same effect as if the action had been commenced in the name of the real party in interest. " *Fed.R.Civ.P.* 17(a).

    **c.**    **Plaintiff waited to file the Motion to Amend the Complaint because of this Court's Order to Show Cause why Trumbull should not be substituted.**

Finally, the only reason that Plaintiff has not yet filed a motion to amend the complaint is because of this Court's Oder to Show Cause why Trumbull should not be substituted. Plaintiff fully intended to file a motion to amend to identify the proper party' however by submitting a Response to the Show Cause Order that Plaintiff had no objection to Trumbull being substituted, Plaintiff was hoping that this Court would go forward with substituting Trumbull.

31663.wpd

WHEREFORE, the plaintiff respectfully requests that the court grant its Motion to Amend the Complaint and deny the Defendant's Motion to Dismiss.

Respectfully submitted,

s/Joshua D. Wilson
C. Michael Quinn
Joshua D. Wilson

*Attorneys for Plaintiff*

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

31663.wpd

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles K. Hamilton, Esq.
Attorney for Trumbull Bottled Water, Inc. d/b/a Culligan of the Wiregrass
Bainbridge, Mims, Rogers & Smith, LLP
The Luckie Building – Suite 415
600 Luckie Drive
Birmingham, Alabama 35223


      Done this __9th__ day of __December__, 2005


                                              s/ Joshua D. Wilson
                                              Of Counsel