IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA MINTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 1:05-cv-00878-CSC |
| TRUMBULL BOTTLED WATER ) | |
| INC., d/b/a CULLIGAN ) | |
| OF THE WIREGRASS. ) | |
| ) | JURY TRIAL DEMAND |
| ) | |
| Defendant. ) | |

_____

**FIRST AMENDED COMPLAINT**
_____

The Plaintiff brings this suit under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

**JURISDICTION AND VENUE**

1.  The jurisdiction of this Court is invoked by the Plaintiff pursuant to 28 U.S.C. §§ 1331 and 1343(4) and 28 U.S.C. §§ 2201 and 2202. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as "The Civil Rights Act of 1964," 42 U.S.C. §2000e et seq, as amended by the Civil Rights Act of 1991. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. §2000e et seq.

2.  The alleged unlawful employment practices of discrimination which the Plaintiff complains were

31712.wpd

1

committed within Houston County, Alabama.

## ADMINISTRATIVE REMEDIES

3. The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, and the "Civil Rights Act of 1991," 42 U.S.C. §2000e et seq.

4. The alleged discriminatory act took place on January 26, 2005. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") on February 14, 2005, clearly within 180 days of the discriminatory act. A copy of Ms. Minton's charge is attached as Exhibit 1. (EEOC Charge # 130-2005-02507).

5. The EEOC issued a Notice of Right to Sue to Ms. Minton on July 28, 2005. Plaintiff has initiated this action within 90 days of the receipt of the right-to-sue.

6. All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

7. The Plaintiff, Lisa Minton, is a female resident of Houston County, Alabama.

8. Defendant, Trumbull Bottled Water, Inc. d/b/a Culligan of the Wiregrass (hereinafter "Culligan") is incorporated in Florida and Alabama and does business in Houston County, Alabama.

## FACTUAL ALLEGATIONS

9. On January 26, 2005 Plaintiff Lisa Minton responded to an advertisement in the Dothan Eagle Newspaper about a job opening at Culligan Bottled Water (actually Trumbull Bottled Water, Inc.

d/b/a Culligan of the Wiregrass).

10. Plaintiff went inside the local Culligan Dealership to apply for the delivery/route sales position.

11. Plaintiff was told by one of the hiring employees that she could not apply for the position because she was a female.

12. Plaintiff was fully capable and qualified to apply and/or be hired for such position as she had prior delivery/route sales position experience.

13. Plaintiff was fully capable of performing the physical requirements of the position.

14. Upon information and belief, this position was filed by a male.

15. Upon information and belief, Culligan has a discriminatory policy of not hiring females for available positions. Moreover, Culligan engages in a pattern and practice of discriminating against female job applicants on a class-wide basis.

## CAUSE OF ACTION

## COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

16. Plaintiff re-alleges and incorporates by reference paragraphs 1-15 above with the same force and effect as if fully set out in specific detail hereinbelow.

17. Plaintiff was discriminated against in hiring on the basis of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

18. Plaintiff was informed by an employee of defendant that defendant was not hiring females for the position that was open.

19.     The sole reason Plaintiff was not allowed to apply for the open position was because of her sex, female.

20.     Upon information and belief, the defendant has a pattern and practice of discriminating against

female job applicants.

21.     The defendant's conduct injured the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court:

1.      Issue a declaratory judgment that the defendants' acts, policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by the Civil Rights Act of 1991.

2.      Grant the Plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' request from continuing to violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by the Civil Rights Act of 1991.

3.      Grant the Plaintiff an order requiring the defendants to make her whole, by granting appropriate declaratory and injunctive relief, instate her in said position, compensatory and punitive damages, back pay (plus interest), attorneys fees, expenses and costs of this suit.

4. The Plaintiff further prays for such other relief and benefits as the cause of justice may

require.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Respectfully submitted,

/s/ C. Michael Quinn
C. Michael Quinn
Joshua D. Wilson

*Attorney for Plaintiff*

**OF COUNSEL**
WIGGINS, CHILDS, QUINN AND PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

**CERTIFICATE OF SERVICE**

I hereby certify that on the   9th   of   December  , 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles K. Hamilton, Esq.
Attorney for Trumbull Bottled Water, Inc. d/b/a Culligan of the Wiregrass
Bainbridge, Mims, Rogers & Smith, LLP
The Luckie Building – Suite 415
600 Luckie Drive
Birmingham, Alabama 35223

/s/ C. Michael Quinn
C. Michael Quinn