**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **LISA MINTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:05-cv-878-CSC |
| ) | |
| **CULLIGAN WATER, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**MOTION FOR SUMMARY JUDGMENT AND SUPPORTING BRIEF**

Defendant Trumbull Bottled Water, Inc. d/b/a Culligan of the Wiregrass ("Trumbull"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby moves for a summary judgment in its favor and against the plaintiff on the grounds that there are no genuine issues of material fact, and Trumbull is entitled to a judgment as a matter of law.

In support of its Motion for Summary Judgment, Trumbull relies on the pleadings on file and the Evidentiary Submission being filed herewith. Trumbull further shows unto the Court as follows:

**INTRODUCTION**

The plaintiff alleges in her First Amended Complaint that Trumbull has a discriminatory policy of not hiring females for available positions, and refused to let her apply for a route sales job that had been advertised in the Dothan newspaper. The plaintiff cannot establish a prima facie "failure to hire" case since she never applied for the job in question and admitted that Trumbull did not deny her the opportunity to apply. There is also insufficient evidence to establish the "futile gesture" exception to the job application requirement in failure to hire cases. On the contrary, the evidence demonstrates overwhelmingly that Trumbull does not discriminate in hiring decisions on the basis of gender, or for any other impermissible reason. For example, since 2001 Trumbull has

hired 63 females to work at its Dothan branch, out of a total of 111 employees. For these reasons, Trumbull is entitled to a summary judgment.

## NARRATIVE STATEMENT OF UNDISPUTED MATERIAL FACTS[1]

The following facts are undisputed for purposes of this motion only:

1. On January 26, 2005, the plaintiff saw a newspaper advertisement for a Route Sales Position with Trumbull's Dothan facility. First Amended Complaint, ¶ 9. The following day, the plaintiff drove to Trumbull's Dothan office to inquire about the position. Deposition of Lisa Minton (Ex. A to Evidentiary Submission), p. 62 lines 1-7.

2. When she went inside Trumbull's building, the plaintiff spoke to Pete Rawlins, the Manager of the Dothan branch.[2] Minton Depo., p. 68 line 3-p. 72 line 10; Affidavit of Jay Trumbull (Ex. B to Evidentiary Submission), ¶ 3. The plaintiff told Rawlins she was there to apply for the advertised job. Minton Depo., p. 70 lines 2-12, p. 78 line 19-p. 79 line 4. Rawlins asked about the plaintiff's job experience, and while she was describing her experience he began telling her about the physical requirements of the Route Sales position, which included frequent lifting of heavy water bottles and bags of salt. Minton Depo. p. 80 line 4-p. 83 line 1.

3. According to the plaintiff, after Rawlins described the Route Sales position to her, he said, "[M]a'am, we can't hire a woman for this position. We just can't have a woman climbing up and down, lifting these bottles of water and these bags all day." Minton Depo., p. 82 line 21-p. 83 line 2; *see also* Minton Depo., pp. 82-89.

4. The plaintiff left the building following this alleged statement by Rawlins, and did not fill out a job application. Minton Depo., p. 83 line 19-p. 86 line 20. Rawlins did not expressly

---

[1]These facts are undisputed for purposes of this motion only.

[2]Rawlins vigorously denies the plaintiff's version of events. Because the Court is required to view all disputed issues of fact in a light most favorable to the plaintiff, at this time Trumbull will not attempt to refute the plaintiff's account of this conversation through Rawlins's testimony.

prohibit her from filling out an application, but, according to the plaintiff, avoided answering her when she asked about an application. Minton Depo., p. 85 line 7-p. 86 line 15.

5. Trumbull later hired a male, George Grimes, to fill the advertised Route Sales position. Trumbull Aff., ¶ 6. No females applied for the position. Trumbull Aff., ¶ 6.

6. The plaintiff assumed "from the way he [came] across" that Rawlins had hiring authority for the Route Sales position. Minton Depo., p. 86 line 21-p. 87 line 18. In actuality, Rawlins has never had hiring authority for any position. Trumbull Aff., ¶ 3. Trumbull's President, Jay Trumbull, has the exclusive authority over all hiring decisions. Trumbull Aff., ¶ 3. If Rawlins actually said what he is accused of saying, he did so without authority and contrary to Trumbull's non-discrimination policy. Trumbull Aff. ¶ 4.

7. On March 2, 2006, the plaintiff submitted an employment application with Trumbull. Minton Depo., p. 57 line 8-p. 58 line 16; Trumbull Aff., ¶ 7. She has since spoken to Jay Trumbull about available positions, however she canceled her formal interview because of a reported "family emergency" and has not attempted to reschedule. Trumbull Aff., ¶ 7.

8. The plaintiff contends that Trumbull "has a discriminatory policy of not hiring females for available positions" and "engages in a pattern and practice of discriminating against female job applicants on a class-wide basis." First Amended Complaint, ¶ 15. However, the plaintiff does not know any Trumbull employees, and is not aware of any female, other than herself, who has ever applied for a job with Trumbull. Minton Depo., p. 59 line 12-p. 60 line 12.

9. Since the beginning of 2001, Trumbull has hired 111 employees at its Dothan facility, 63 of whom are female. Trumbull Aff., ¶ 6. According to Jay Trumbull, the company has never discriminated against any job applicant on the basis of gender. Trumbull Aff., ¶ 6.

**ARGUMENT AND AUTHORITIES**

This is a "failure to hire" case. First Amended Complaint, ¶ 17 ("Plaintiff was discriminated against in hiring on the basis of her sex . . . ."). To establish a *prima facie* case of Title VII gender discrimination in the typical failure to hire case, the plaintiff must prove "(1) that she belongs to a protected minority; (2) that she applied for and was qualified for a job for which the employer was seeking applicants; (3) that she was rejected; and (4) that the employer continued to seek applications from persons with similar qualifications." *Taylor v. Hudson Pulp and Paper Corp.*, 788 F.2d 1455, 1458-59 (11th Cir. 1986). A plaintiff's failure to apply, as in this case, "does not automatically defeat" her discrimination claim. *Bonham v. Regions Mortgage, Inc.*, 129 F. Supp. 2d 1315, 1324 (M.D. Ala. 2001). "[A] nonapplicant may establish a *prima facie* case by showing that due to the employer's discriminatory practices the application would have been a futile gesture." *Taylor*, 788 F.2d at 1462. The "futile gesture" doctrine requires proof that the nonapplicant "would have applied but for discrimination and would have been discriminatorily rejected if they had." *Terry v. Cook*, 866 F.2d 373, 378 (11th Cir. 1989) (citing *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 366, 368 (1977)); *see also EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1274 (11th Cir. 2002) (for purposes of exception to application requirement, employee must show "that she would have applied for the job but effectively was deterred from doing so by the employer's discriminatory practices").

The plaintiff's case depends entirely on Rawlins's alleged statement that he could not hire a woman for the Route Sales position. However, based on the authorities discussed above, an employer cannot be held liable in a discriminatory hiring case for a single statement made by a rogue employee who has no hiring authority. *See also Jones v. Bessemer Carraway Medical Center*, 151 F.3d 1321, 1323-24 (derogatory statements by nondecisionmakers do not establish a prima facie case). Instead, the plaintiff must provide evidence of actual discriminatory practices. No such evidence exists.

Trumbull denies that Pete Rawlins or any other employee told the plaintiff that he could not hire her because she is female. But even assuming Rawlins made this statement, he has no authority in hiring decisions; company President Jay Trumbull has exclusive hiring authority. More importantly, Trumbull's hiring history shows that it does not discriminate against women. More than half of the employees (63 out of 111) hired at Trumbull's Dothan facility since 2001 have been females. Blank job applications are kept on the front counter in the Dothan branch, and any person who wants to complete an application, male or female, is welcome to do so. The plaintiff was never prohibited from submitting an application, and in fact did just that in March of this year. Jay Trumbull testified unequivocally in his affidavit that the company has never discriminated against women or any other protected class in hiring decisions, and this testimony is uncontroverted by any other evidence. Any suggestion or belief that Trumbull discriminates in its hiring practices on the basis of gender is the product of mere speculation.

The plaintiff cannot establish her *prima facie* case because she had not applied for any position before filing this lawsuit, and the "futile gesture" exception to the requirement of an application does not apply. The law requires that the plaintiff prove that she would have applied but for Trumbull's discriminatory practices. The alleged statement by Pete Rawlins that he could not hire a woman for the Route Sales position is insufficient to satisfy this burden. The plaintiff claims she was deterred from applying because of Pete Rawlins's alleged statement, but there is no evidence that she was deterred by any actual discriminatory practices on Trumbull's part. There is no substantial evidence that Trumbull discriminated against the plaintiff, and Trumbull is entitled to summary judgment.

## CONCLUSION

For these reasons, Trumbull Bottled Water, Inc. moves this Court to enter summary judgment in its favor and against the plaintiff, and to dismiss this case with prejudice.

                Respectfully submitted,

                /s/ Charles K. Hamilton
                Charles K. Hamilton
                Attorney for Trumbull Bottled Water, Inc.

OF COUNSEL:

BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
The Luckie Building, Suite 415
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama  35253
(205) 879-1100
(205) 879-4300 (fax)
khamilton@bainbridgemims.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2006, I electronically filed the foregoing **Motion for Summary Judgment and Supporting Brief** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Mr. C. Michael Quinn
    Mr. Joshua D. Wilson
    WIGGINS, CHILDS, QUINN AND PANTAZIS, LLC
    The Kress Building
    301 19th Street North
    Birmingham, Alabama 35203

                /s/ Charles K. Hamilton
                OF COUNSEL