IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA MINTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) 1:05-cv-00878-CSC |
| TRUMBULL BOTTLED WATER | ) |
| INC., d/b/a CULLIGAN | ) |
| OF THE WIREGRASS. | ) |
| | ) JURY TRIAL DEMAND |
| | ) |
| Defendant. | ) |

---

## FIRST AMENDED COMPLAINT

---

The Plaintiff brings this suit under Title VII of the Civil Rights Act of 1964, as amended.42

U.S.C. § 2000e et seq.

### JURISDICTION AND VENUE

1.    The jurisdiction of this Court is invoked by the Plaintiff pursuant to 28 U.S.C. §§ 1331 and

1343(4) and 28 U.S.C. §§ 2201 and 2202.  This is a suit authorized and instituted pursuant to Title

VII of the Act of Congress known as "The Civil Rights Act of 1964," 42 U.S.C. §2000e et seq, as

amended by the Civil Rights Act of 1991.  The jurisdiction of this Court is invoked to secure

protection for and to redress the deprivation of rights secured by 42 U.S.C. §2000e et seq.

2.    The alleged unlawful employment practices of discrimination which the Plaintiff complains

were



DEFENDANT'S
EXHIBIT

Minton

committed within Houston County, Alabama.

## ADMINISTRATIVE REMEDIES

3.      The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title

VII

of the Act of Congress known as the "Civil Rights Act of 1964," as amended, and the "Civil Rights

Act of 1991," 42 U.S.C. §2000e et seq.

4.      The alleged discriminatory act took place on January 26, 2005.  Plaintiff timely filed a charge

with the Equal Employment Opportunity Commission ("EEOC") on February 14, 2005, clearly

within 180 days of the discriminatory act.  A copy of Ms. Minton's charge is attached as Exhibit 1.

(EEOC Charge # 130-2005-02507).

5.      The EEOC issued a Notice of Right to Sue to Ms. Minton on July 28, 2005.  Plaintiff has

initiated this action within 90 days of the receipt of the right-to-sue.

6.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

7.      The Plaintiff, Lisa Minton, is a female resident of Houston County, Alabama.

8.      Defendant, Trumbull Bottled Water, Inc. d/b/a Culligan of the Wiregrass (hereinafter

"Culligan")

is incorporated in Florida and Alabama and does business in Houston County, Alabama.

## FACTUAL ALLEGATIONS

9.      On January 26, 2005 Plaintiff Lisa Minton responded to an advertisement in the Dothan

Eagle

Newspaper about a job opening at Culligan Bottled Water (actually Trumbull Bottled Water, Inc.

31712.wpd                                    2

d/b/a Culligan of the Wiregrass).

10.    Plaintiff went inside the local Culligan Dealership to apply for the delivery/route sales position.

11.    Plaintiff was told by one of the hiring employees that she could not apply for the position because she was a female.

12.    Plaintiff was fully capable and qualified to apply and/or be hired for such position as she had prior delivery/route sales position experience.

13.    Plaintiff was fully capable of performing the physical requirements of the position.

14.    Upon information and belief, this position was filed by a male.

15.    Upon information and belief, Culligan has a discriminatory policy of not hiring females for available positions.  Moreover, Culligan engages in a pattern and practice of discriminating against female job applicants on a class-wide basis.

## CAUSE OF ACTION

### COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

16.    Plaintiff re-alleges and incorporates by reference paragraphs 1-15 above with the same force and effect as if fully set out in specific detail hereinbelow.

17.    Plaintiff was discriminated against in hiring on the basis of her sex, female, in violation of Title

VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

18.    Plaintiff was informed by an employee of defendant that defendant was not hiring females for

the position that was open.

19.    The sole reason Plaintiff was not allowed to apply for the open position was because of her

sex,

female.

20.     Upon information and belief, the defendant has a pattern and practice of discriminating

against


female job applicants.

21.    The defendant's conduct injured the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court:

1.    Issue a declaratory judgment that the defendants' acts, policies, practices, and

procedures complained of herein have violated and continue to violate the rights of the Plaintiff as

secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by the

Civil Rights Act of 1991.

2.    Grant the Plaintiff a permanent injunction enjoining the defendants, their agents,

successors, employees, attorneys and those acting in concert with the defendants and at the

defendants' request from continuing to violate Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000e et seq., as amended by the Civil Rights Act of 1991.

3.    Grant the Plaintiff an order requiring the defendants to make her whole, by granting

appropriate declaratory and injunctive relief, instate her in said position, compensatory and punitive

damages, back pay (plus interest), attorneys fees, expenses and costs of this suit.

4. The Plaintiff further prays for such other relief and benefits as the cause of justice may

31712.wpd                                           4

require.

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

Respectfully submitted,

/s/ C. Michael Quinn
C. Michael Quinn
Joshua D. Wilson

*Attorney for Plaintiff*

**OF COUNSEL**
WIGGINS, CHILDS, QUINN AND PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

## CERTIFICATE OF SERVICE

I hereby certify that on the ___9th___ of ___December___, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles K. Hamilton, Esq.
Attorney for Trumbull Bottled Water, Inc. d/b/a Culligan of the Wiregrass
Bainbridge, Mims, Rogers & Smith, LLP
The Luckie Building – Suite 415
600 Luckie Drive
Birmingham, Alabama 35223

/s/ C. Michael Quinn
C. Michael Quinn

31712.wpd

5

Feb 28 05 01:07p    CULLIGAN WATER    872-0972    p.4

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENC | | CHARGE NUMBER |
|---|---|---|
| | FEPA | |
| x | EEOC | 130-2005-02507 |

and EEOC

_State or local Agency, if any_

NAME (Indicate Mr., Ms., Mrs.)  **Ms. Lisa Minton**

HOME TELEPHONE (Include Area Code)  334-678-9732

STREET ADDRESS  459 Butler Rd.

CITY, STATE AND ZIP CODE  Dothan, AL 36305

DATE OF BIRTH  10/6/66

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME  Culligan

NUMBER OF EMPLOYEES, MEMBERS  15 +

TELEPHONE (Include Area Code)  334-678-8050

STREET ADDRESS  2002 Ross Clark Circle

CITY, STATE AND ZIP CODE  Dothan, AL 36301

COUNTY  Houston

NAME

TELEPHONE NUMBER (Include Area Code)

STREET ADDRESS

CITY, STATE AND ZIP CODE

COUNTY

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE  [ ] COLOR  [x] SEX  [ ] RELIGION  [ ] AGE
[ ] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)
1/26/05

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

1. On January 26, 2005 I responded to an advertisement in the Dothan Eagle Newspaper about job openings at Culligan Water.
2. I went inside the local Culligan Dealership to apply for a delivery/route sales position.
3. I was informed by one of the hiring employees that I could not apply for the position because I was a women. I am fully capable and qualified to handle this position as I have prior experience in delivery/route sales.
4. Upon information and belief, this position was filled by a male.
5. Upon information and belief, Culligan has a discriminatory policy of not hiring females for available jobs. Moreover, the respondent engages in a pattern and practice of discriminating against female job applicants on a class-wide basis in hiring.
6. Upon information and belief, I believe that I have been discriminated against in hiring on the basis of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

Date Feb 10 2005    Charging Party (Signature)

EEOC FORM 5 (10/94)


DEFENDANT'S EXHIBIT

12/27

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LISA MINTON,                          )
                                      )
        PLAINTIFF,                    )
                                      )        CIVIL ACTION NO.
v.                                    )        1:05-CV-878-C
                                      )
TRUMBULL BOTTLE WATER,                )        JURY TRIAL DEMAND
INC., d/b/a CULLIGAN OF THE           )
WIREGRASS,                            )
                                      )
        DEFENDANT.                    )

---

## PLAINTIFF'S INITIAL DISCLOSURES

---

**COMES NOW,** Plaintiff Lisa Minton, by and through her undersigned counsel, pursuant to Rule

26 of the Federal Rules of Civil Procedure, and makes the following initial disclosures:

    A.  The following individuals are believed to have discoverable, non-privileged personal

knowledge concerning the factual issues raised in the complaint filed by the plaintiff:

1.     Ms. Lisa Minton, Plaintiff
       c/o Wiggins, Childs, Quinn & Pantazis, LLC
       The Kress Building
       301 19th Street North
       Birmingham, AL 35203

2.     Ms. Michelle Potter
       -- Was with Ms. Minton when she went to apply for the position.
       1287 Dean Church Rd.
       Ozark, AL 36360

3.     Mason Brewington (Minor Son)

31825.wpd



-- Was with Ms. Minton when she went to apply for the position.
c/o Ms. Lisa Minton
459 Butler Road
Dothan, Alabama 36305


4.      Mr. Kenneth Minton (Husband)
        459 Butler Road
        Dothan, Alabama 36305

5.      Mr. Paul Potter
        1287 Dean Church Rd.
        Ozark, AL 36360

6.      All employees and/or agents of Trumbull Bottled Water, Inc. d/b/a Culligan of the Wiregrass and
        any employees and/or agents of related corporations to Culligan that may have witnessed any
        events or occurrences or have knowledge of the claims and defenses made.

7.      All individuals identified through the course of discovery.

8.      Plaintiff also incorporates and adopts by reference for its disclosures all other disclosures submitted
        by the defendant.

9.      All individuals necessary for rebuttal.

        The above-named individuals may have knowledge of the sex discrimination by the Defendant

taken against the Plaintiff.

        **B.   DOCUMENTS**

        Plaintiff has attached all non-privileged documents, data compilations, and tangible things in her

possession, custody or control at this time that he may use to support his contentions with respect to any

significant factual issue in this case including the attached affidavits.

        Other Documents that may be relevant to the issues in the suit include:

        1.      The Complete EEOC Investigative File.

2.    Any records from the Alabama Department of Industrial Relations.

3.    All documents produced during the course of discovery.

4.    All documents necessary for rebuttal.

5.    All documents received pursuant to subpoena.

Plaintiff reserves the right to amend this list at the close of discovery.

## C.  DAMAGES:

1. The plaintiff seeks back-pay, benefits and seniority in the amount he would have earned in the absence of race discrimination. The plaintiff's back-pay will be calculated in accordance with the Eleventh Circuit's decisions in Darnell v. City of Jasper, 730 F.2d 653 (11th Cir. 1984); Brown v. A. J. Gerard, 715 F.2d 1548 (11th Cir. 1983); and EEOC v. Guardian Pools, 828 F.2d 1503 (11th Cir. 1987). Interest will be calculated on the applicable NLRB/IRS rates.

2.   The plaintiff further seeks reinstatement with full seniority or front pay in lieu thereof; and

3. Compensatory damages and punitive damages in an amount to be determined by a jury; and

4. Reasonable attorneys' fees, costs and expenses.


                    Respectfully submitted,


                    _____

                    C. Michael Quinn
                    Joshua D. Wilson

                    *Attorneys for Plaintiff*


31825.wpd                        3

<u>OF COUNSEL</u>
**WIGGINS, CHILDS, QUINN AND PANTAZIS, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a true and correct copy of the above and foregoing upon all counsel of record, by placing same in the United States Mail, properly addressed and postage prepaid, on this the 27th day of DECEMBER , 2005.

Charles K. Hamilton
Bainbridge, Mims, Rogers & Smith, LLP
The Luckie Building – Suite 415
600 Luckie Drive
Birmingham, Alabama 35223
Phone: (205) 879-1100
Fax: (205) 879-4300

Of Counsel

## AFFIDAVIT OF LISA MINTON

Pursuant to 28 USC, sec. 1746, I declare under penalty of perjury that the following is true and correct.

1.    My name is Lisa Minton, and I am over the age of eighteen (18) years. I make this affidavit under penalty of perjury, freely, and voluntarily, under no coercion, threat, or intimidation, and without promise of benefit or reward, based on my own personal knowledge. This affidavit is being given in connection my complaint filed against Culligan Water, Inc. If called to testify, I could and would testify consistent with the matters stated herein.

2.    On January 26, 2005 I responded to an advertisement in the Dothan Eagle Newspaper about a job opening at Culligan Water.

3.    I went inside the local Culligan Dealership to apply for the delivery/route sales position.

4.    I was told by one of the hiring employees that I could not apply for the position because I was a female.

5.    The man stated that "we are not hiring females for this position."

6.    I was fully capable and qualified to apply and/or be hired for such position as I had prior delivery/route sales position experience.

7.    I was fully capable of performing the physical requirements of the position.

_____
Date of Execution

_Traci Dawn Holley_

_Lisa M Minton_
Lisa Minton
Affiant

Initials: _L M M_

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Dec 6, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

1

## AFFIDAVIT OF MICHELLE POTTER

Pursuant to 28 USC, sec. 1746, I declare under penalty of perjury that the following is true and correct.

1.     My name is Michelle Potter, and I am over the age of eighteen (18) years.  I make this affidavit under penalty of perjury, freely, and voluntarily, under no coercion, threat, or intimidation, and without promise of benefit or reward, based on my own personal knowledge.  This affidavit is being given in connection with the complaint filed by Lisa Minton against Culligan Water, Inc. If called to testify, I could and would testify consistent with the matters stated herein.

2.     On January 26, 2005 I was with Lisa Minton when she went inside the local Culligan Dealership to apply for the delivery/route sales position.  She was responding to an advertisement in the Dothan Eagle Newspaper about a job opening at Culligan Water.

3.     I waited in the car when she went inside the Culligan Dealership to fill out an application.

4.     When she returned to the car, she was shocked and disappointed because she was told by the hiring employee inside that the company was not hiring females for the position.

_10-11-05_
Date of Execution

_Michelle Potter_
Michelle Potter
Affiant

Initials: _M . P_

Notary:

State of Alabama
County of Houston

Michelle D Ashworth

MY COMMISSION EXPIRES JANUARY 6, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LISA MINTON,                          )
                                      )
            PLAINTIFF,                 )
                                      )        CIVIL ACTION NO.
v.                                     )        1:05-CV-878-C
                                      )
TRUMBULL BOTTLE WATER,                 )
INC., d/b/a CULLIGAN OF THE            )
WIREGRASS,                             )
                                      )
            DEFENDANT.                 )

---

## PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

---

Comes now the Plaintiff, Lisa Minton, and pursuant to the Federal Rules of Civil Procedure responds to the Defendant's First Set of Interrogatories and Requests for Production as follows:

### GENERAL OBJECTIONS

1.     Plaintiff objects to each discovery request to the extent that it may be interpreted to call for the production of documents or information which is privileged, including the attorney/client privilege and the "work product" privilege. The only documents not produced for these reasons in response to Defendant's First Requests for Production to Plaintiffs are:

    1.     Those documents which include correspondence or similar communications from Plaintiffs to their counsel, documents prepared at the request of counsel for the Plaintiff for the purpose of this litigation, and correspondence and documents created by counsel for Plaintiffs and sent to Plaintiffs as a part of this litigation; and

    2.     Documents obtained by Plaintiff's counsel from sources other than the Plaintiffs which constitute attorney work product.

1



DEFENDANT'S EXHIBIT

L/Minton

3.  The plaintiff further objects to each and every interrogatory and request for production to the extent that the information called for, if any, is privileged and is not discoverable under Rule 26(b)(3), Federal Rules of Civil Procedure, and Hickman v. Taylor, 329 U.S. 495 (1947).

4.  The plaintiff objects to each and every interrogatory and request for production to the extent that it seeks information that is equally available to the defendant and the burden on the defendant to obtain the requested information is no greater than the burden on the plaintiff.

5.  The plaintiff objects to each and every interrogatory and request for production to the extent that it is overly broad, oppressive, unduly burdensome and expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

6.  The plaintiff objects to each and every interrogatory and request for production to the extent that it seeks an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed or a pre-trial conference has been conducted.

7.  Formal discovery has only just commenced in this civil action, and therefore, the plaintiff reserves the right to supplement the responses to defendant's interrogatories and request for production upon completion of discovery.

2.  These answers are made by Plaintiffs subject to, and without in any way waiving, or intending to waive any of the following:

1.  The confidentiality of answers and/or documents produced;

2.  All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the documents referred to or answers given, or the subject matter thereof, in any subsequent proceeding in or at the trial of this action or any other action.

3.  The right to object to other discovery procedures involving or relating to the subject matter of the interrogatories herein responded to; and

4.  The right at any time to revise, correct, or clarify any of the answers set forth herein or documents produced or referred to herein.

3.  In those responses where documents are tendered, the Plaintiffs will tender the particular document(s) for review by Defendant's counsel at a mutually agreeable time and place. At that time, Defendant's counsel will be permitted to inspect and have copied any documents tendered at a reasonable cost. Further, where said documents include personnel files or proprietary information, said documents will be produced only upon receiving an agreement from Defendant's counsel that this information will be used only for this litigation and will not be

disclosed to any other person except for purposes of this litigation.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

Without waiving or limiting the foregoing general objections and incorporating the same into each

of its responses hereinbelow, the Plaintiff responds to the Defendant's specific interrogatories, separately,

as follows:

1.   State the name, address, and telephone number of any person or entity; by whom you have been
     employed since January 1, 2005. For each such employer, state the dates during which you were
     employed, each position you held or currently hold, the job duties for each position, the name of
     your direct supervisor in each position, your hourly rate or salary for each position, the total wages
     you have received , and all benefits you have received.

     **RESPONSE: The Plaintiff was employed by:**
     **Wiley Sanders Trucking**
     **Sanders Rd.**
     **Troy, Alabama**
     **334-566-5184**
     **From 6/11/05 – 11/30/05**
     **-- Plaintiff did not work every week during this period.**
     **Driver**
     **Salary: $600/week**

2.   Produce copies of your state and federal tax returns and W-2 forms received by you from any
     employer, since January 1, 2005

     **RESPONSE: See Attached**

3.   Produce copies of all pay stubs reflecting wages you have received from any employer since
     January 1, 2005

     **RESPONSE: The Plaintiff does not have any pay stubs in her possession.**

4.   Produce any and all documents reflecting, referring, or relating to any efforts on your part to obtain
     employment or otherwise mitigate your alleged damages since January 1, 2005.

**RESPONSE:  The Plaintiff does not currently have any documents responsive to this request.**

5.    State the full name, address, occupation, and place of employment of each of your relatives, by blood or marriage, who is at least 18 years of age and resides in any county in the Middle District of Alabama.

**RESPONSE:**
**Kenneth W. Minton**
**459 Butler Rd.**
**Dothan, Alabama 36303**

**Employed by:**
**Perdue Farms**
**Driver**
**Dothan, Alabama**

6.    State the name, home and business addresses, and home and business telephone numbers of each and every person who, to your or your attorney's knowledge, may have knowledge of any relevant or discoverable information concerning the facts and circumstances at issue in this lawsuit, other than those persons previously identified in your Initial Disclosures.

**RESPONSE: Plaintiff objects to this interrogatory as being overly broad and unduly burdensome.  Plaintiff further objects on the basis that discovery is ongoing and that Defendant has not had the opportunity to determine each and every person who may have knowledge of any relevant or discoverable information.  Without waiving said objection, Plaintiff has identified every person that she is currently aware of that has knowledge of her allegations and will continue to supplement her response if others are identified during the course of discovery.**

7.    State the name, home and business addresses, and home and business telephone numbers of each and every person from whom you or anyone acting on your or your attorney's behalf have obtained a statement concerning any facts or incidences made the basis of this lawsuit, whether written or recorded.

**RESPONSE: Plaintiff has produced two affidavits in her initial disclosures and hereby incorporates by reference her initial disclosures, containing the information requested above, and hereby incorporates by reference said affidavits.**

8.    State the name, home and business addresses, and home and business telephone numbers of each and every person, other than your attorneys, with whom you, your attorneys, or anyone acting on

4

your behalf have discussed this lawsuit, your EEOC charge of discrimination, or any allegations made in the lawsuit or the EEOC charge.

**RESPONSE: Plaintiff objects to this interrogatory as being overly broad and unduly burdensome. However, without waiving these objections, the plaintiff states the plaintiff hereby incorporates by reference her initial disclosures which disclose the persons she has discussed this lawsuit with.**

9.    Produce each and every written or recorded statement, affidavit, or other testimony of any person concerning or relating to the matters alleged in this lawsuit, or which you or your attorneys contend support any of your allegations in this lawsuit.

**RESPONSE: Plaintiff objects to this interrogatory as being overly broad and unduly burdensome. Plaintiff further objects on the basis that discovery is ongoing and that Defendant has not had the opportunity to determine each and every written or recorded statement, affidavit, or other testimony that may relate to the matters alleged in this lawsuit. Without waiving said objection, Plaintiff has identified two affidavits which help support her allegations in this lawsuit, along with her EEOC charge and documents contained in the EEOC file.**

10.    Produce each and every document or thing that you contend supports any of your allegations in this lawsuit.

**RESPONSE: Plaintiff objects to this interrogatory as being overly broad and unduly burdensome and repetitive. Plaintiff further objects on the basis that discovery is ongoing and that Defendant has not had the opportunity to determine each and every document or thing that supports her allegations in this lawsuit. Without waiving said objection, Plaintiff has identified two affidavits which help support her allegations in this lawsuit, along with her EEOC charge, other EEOC documents produced by Trumbull Bottled Water, Inc. during the EEOC investigation.**

11.    Produce each and every document in your possession that mentions, refers to, or relates to Trumbull Bottled Water or any of its current or former employees, agents, officers, directors, subsidiaries, or affiliates.

**RESPONSE: Plaintiff has already produced two affidavits which refer to Trumbull Bottled Water and its employees. Furthermore, her allegations in this lawsuit and her EEOC charge also refer to Culligan (Trumbull Bottled Water).**

12.    If you have ever been arrested or charged with any alleged criminal activity at any time during the past 10 years, for each such instance state the date and location of the arrest, the reason for the

5

arrest, the specific charge, whether you were indicted, whether you were convicted, and the sentence you received, if any.

**RESPONSE:**
**Not Applicable.**

13.    If you have ever been a party to any civil, bankruptcy, criminal, or administrative proceeding, state the name, case number, venue, and outcome of each such proceeding, and produce any and all documents relating to each such proceeding.

**RESPONSE:**
**Plaintiff objects to the extent this interrogatory requests information that is from more than 10 years prior to the filing of this lawsuit, which is not relevant, nor reasonably calculated to lead to discoverable evidence.**

**Notwithstanding said objection, Plaintiff states the following:**
**Plaintiff has filed a claim against Tommy and Cathy Coggins [titled Lisa Minton v. Tommy and Cathy Coggins]. The lawsuit is pending in Houston County, Alabama.**

**Plaintiff also filed a workers compensation claim against Teledyne in approximately 1993, which is not discoverable. This claim has been settled.**

14.    Produce each and every civil complaint or EEOC charge of discrimination filed by you or on your behalf at any time during the past 10 years, including all amendments thereto.

**RESPONSE:**
**The only EEOC charge Plaintiff has filed is this pending action against Trumbull Bottled Water, Inc.**

**Plaintiff does not currently have any documents related to any other civil complaints in her possession. Furthermore, Plaintiff objects to the extent this interrogatory requests information that is from more than 10 years prior to the filing of this lawsuit, which is not relevant, nor reasonably calculated to lead to discoverable evidence.**

15.    If you have ever provided testimony (either by interrogatory, deposition, affidavit, or at trial) in any civil, bankruptcy, criminal, or administrative proceeding, whether or not you were a party, please state the name, case number, and venue of each such proceeding, and describe the subject matter about which you testified.

**RESPONSE:**
**On March 22, 2006, Plaintiff took a deposition in the case referenced in interrogatory #**

13 [Lisa Minton v. Tommy and Cathy Coggins].

16.   Produce all documents reflecting or recording your testimony in any proceeding identified in response to the previous interrogatory, including exhibits.

**RESPONSE:**
**Plaintiff does not currently have any documents related to any other civil complaints in her possession. Furthermore, Plaintiff objects to the extent this interrogatory requests information that is from more than 10 years prior to the filing of this lawsuit, which is not relevant, nor reasonably calculated to lead to discoverable evidence.**

17.   If you have ever filed for bankruptcy, for each such filing provide the filing date of your petition and case number of the proceeding, state whether you have been discharged, and provide the date of discharge.

**RESPONSE:**
**Not Applicable.**

18.   Produce any and all documents that you, your attorneys, or anyone acting on your behalf, sent to or received from the EEOC concerning your charge of discrimination.

**RESPONSE:**
**Plaintiff objects to such interrogatory on the grounds that such information is readily available at the EEOC office. Defendant can obtain copies from the EEOC of any information provided to the EEOC that is not privileged.**

19.   Identify each person whom you expect to call as an expert witness at trial, and state the subject matter on which each such expert is expected to testify, the substance of the facts and the opinions to which the expert is expected to testify, and the summary of the grounds for each opinion

**RESPONSE:**

**Plaintiff has not yet determined whether she will call an expert witness. If an expert is obtained, Defendant will supplement her response.**

20.   Produce the curriculum vitae for each expert witness identified in response to the previous interrogatory.

**RESPONSE:**

7

**Plaintiff has not yet determined whether she will call an expert witness. If an expert is obtained, Defendant will supplement her response.**

21.    Identify and produce each and every document reviewed by; any expert witness in connection with his or her expected testimony in this case.

   **RESPONSE:**

   **Plaintiff has not yet determined whether she will call an expert witness. If an expert is obtained, Defendant will supplement her response.**

22.    By identifying the type of document, date of creation, author or creator, all recipients, and the specific privilege asserted, list each and every document responsive to the document requests set forth herein that is being withheld on the basis of privilege.

   **RESPONSE:**
   **Plaintiff is not currently withholding any documents responsive to the discovery requests as set out above on the grounds of privilege.**

**AS TO ANSWERS:**

Lisa Minton
*Plaintiff*
Date: 3-24-06

**AS TO OBJECTIONS:**

C. Michael Quinn
Joshua D. Wilson

*Attorneys for Plaintiff*

Respectfully submitted,

C. Michael Quinn
Joshua D. Wilson

8

*Attorneys for Plaintiff*

OF COUNSEL
**WIGGINS, CHILDS, QUINN AND PANTAZIS, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

9

STATE OF ALABAMA)

COUNTY OF JEFFERSON)


I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that Lisa Minton, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, she executed the same voluntarily on the day and year the same bears date.

Given under my hand and official seal, this the _24_ day March, 2006.


Lisa Minton


Notary Public    NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES

10

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a true and correct copy of the above and foregoing upon all counsel of record, by placing same in the United States Mail, properly addressed and postage prepaid, on this the ___24th___ day of ___March___, 2006.

Charles K. Hamilton
Bainbridge, Mims, Rogers & Smith, LLP
The Luckie Building – Suite 415
600 Luckie Drive
Birmingham, Alabama 35223
Phone: (205) 879-1100
Fax: (205) 879-4300

_____
Of Counsel

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEFENDANT'S
EXHIBIT
5 Mintn

| | | |
|---|---|---|
| LISA MINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05-cv-878-CSC |
| | ) | |
| CULLIGAN WATER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## RE-NOTICE OF TAKING DEPOSITION

PLEASE TAKE NOTICE that on March 24, 2006 at 1:00 p.m., in the offices of Bainbridge,

Mims, Rogers & Smith, LLP, The Luckie Building, 600 Luckie Drive, Suite 415, Birmingham,

Alabama 35223, counsel for the defendant, Trumbull Bottled Water, Inc., will take the testimony by

deposition of **Lisa Minton** upon oral examination pursuant to Rule 30 of the Federal Rules of Civil

Procedure, for the purpose of discovery or for use as evidence in this action, or for both purposes,

before a court reporter or other officer authorized by law to administer oaths.

Pursuant to Rule 30(b)(5), the deponent is requested to produce and permit inspection and

copying of the following designated books, papers, documents[1], or tangible things at the taking of

the deposition:

1.    All state and federal tax returns, and W-2 forms received by you from any employer,

since January 1, 2005.

2.    All pay stubs reflecting wages you have received from any employer since January

1, 2005.

---

[1] As used herein, the term "document" or "documents" shall mean and refer to all tangible
and reproducible things of any type whatsoever as defined in the broadest sense by the rules of
discovery, including, but not limited to, writings, paper materials, preliminary drafts, copies,
electronic or computer data, floppy and hard disk materials, and audio or video tape recordings.

3. All documents reflecting, referring, or relating to any efforts on your part to obtain employment or otherwise mitigate your alleged damages since January 1, 2005.

4. Each and every written or recorded statement, affidavit, or other testimony of any person concerning or relating to the matters alleged in this lawsuit, or which you or your attorneys contend support any of your allegations in this lawsuit.

5. Each and every document or thing that you contend supports any of your allegations in this lawsuit.

6. Each and every document in your possession that mentions, refers to, or relates to Culligan or Trumbull Bottled Water or any of its current or former employees, agents, officers, directors, subsidiaries, or affiliates.

7. Any and all documents relating to each civil, bankruptcy, criminal, or administrative proceeding, to which you have ever been a party.

8. Each and every civil complaint or EEOC charge of discrimination filed by you or on your behalf at any time during the past 10 years, including all amendments thereto.

9. All documents reflecting or recording your testimony in any proceeding identified in response to the previous interrogatory, including exhibits.

10. Any and all documents that you, your attorneys, or anyone acting on your behalf, sent to or received from the EEOC concerning your charge of discrimination.

11. Each and every document reviewed by any expert witness in connection with his or her expected testimony in this case.

_____

Charles K. Hamilton
Attorney for Trumbull Bottled Water, Inc.

OF COUNSEL:

BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
The Luckie Building, Suite 415
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama  35253
(205) 879-1100
(205) 879-4300 (fax)
khamilton@bainbridgemims.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **Notice of Taking Deposition** have been served on this 3rd day of March, 2006, by fax and U.S. mail upon the following:

Mr. C. Michael Quinn
Mr. Joshua D. Wilson
WIGGINS, CHILDS, QUINN AND PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

_____

OF COUNSEL