IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA MINTON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:05-CV-878-VPM |
| ) | |
| TRUMBULL BOTTLED WATER, ) | JURY TRIAL DEMAND |
| INC., d/b/a CULLIGAN OF THE ) | |
| WIREGRASS, ) | |
| ) | |
| DEFENDANT. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
_____

**COMES NOW**, Plaintiff, Lisa Minton (hereinafter "Plaintiff" or "Minton"), through the undersigned counsel and responds to Defendant Trumbull Bottled Water, Inc. d/b/a Culligan of the Wiregrass' (hereinafter "Defendant" or "Culligan") Motion for Summary Judgment as follows:

**I.     SUMMARY JUDGMENT STANDARD OF REVIEW**

The standard of review for a summary judgment is well-established. "As the moving party, [the defendant] has the burden of showing the absence of a genuine issue of material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 918 (11th Cir. 1993). The district court cannot weigh conflicting evidence or make credibility determinations; instead, "'the

evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Hairston*, 9 F.3d at 919 (quoting *Anderson*, 477 U.S. at 255). The basic issue before the court on a motion for summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment.

## II.  SUMMARY OF CASE

This is a clear cut case of discriminatory hiring practices by Defendant Culligan and one that is clearly not suitable for summary judgment. The Plaintiff went to apply for a route sales position but was told she could not apply the position for the sole reason that Defendant was not going to hire a female. Whether the manager who told her this had actual hiring authority is irrelevant because he made the decision to not let her apply or be hired because she is a woman. He was the decision-maker in this regard and acted with actual authority as a decision-maker.

Plaintiff had the necessary experience for the job and had handled similar route sales positions. Defendant has **never hired a female for a route sales position** and company advertisements include the slogan: **"Hey Culligan Man."**

## III.  RESPONSIVE NARRATIVE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

### A.  UNDISPUTED FACTS

Plaintiff hereby reasserts and incorporates paragraphs 1-3, which were asserted by Defendant in his Narrative Statement of Undisputed Material Facts Section (Doc. # 24, Motion for Summary

Judgment) as undisputed for purposes of this motion:[1]

1.      On January 26, 2005, the plaintiff saw a newspaper advertisement for a Route Sales Position with Trumbull's Dothan facility. (First Amended Complaint ¶ 9). The following day, the plaintiff drove to Trumbull's Dothan office to inquire about the position. (Lisa Minton Depo., pp. 62; 1-7)(See Also Lisa Minton Affidavit; Michelle Potter Affidavit)[2].

2.      When Plaintiff went inside Trumbull's building she spoke to Pete Rawlins, the Manager for the Dothan branch. (Lisa Minton Depo. p. 68:3 – 72:10)(Affidavit of Jay Trumbull). The plaintiff told Rawlins that she was there to apply for the advertised job. (Lisa Minton Depo. pp. 70:2-12; 78:19 - 79:4). Rawlins asked about the plaintiff's job experience, and while she was describing her experience he began telling her about the physical requirements of the Route Sales position, which included frequent lifting of heavy water bottles and bags of salt. (Lisa Minton Depo. pp. 80:4 -83:1).

3.      After Rawlins described the Route Sales position to her, he said, "[M]a'am, we can't hire a woman for this position. We just can't have a woman climbing up and down, lifting these bottles of water and these bags all day." (Lisa Minton Depo. pp. 82:21 – 83:2)(see generally Lisa Minton Depo. p. 82-89)(Lisa Minton Affidavit).

### B.      DISPUTED AND ADDITIONAL FACTS

Plaintiff hereby responds to the following paragraphs of Defendant's Narrative Statement of Undisputed Material Facts, as directed by the Court, by adding the following facts either not asserted

---

[1] Plaintiff also asserts that such evidence (along with ¶ 5), asserted by Defendant as undisputed, should be sufficient to survive summary judgment by itself.

[2] Plaintiff's cousin, Michelle Potter, was also with Plaintiff when she went to apply for the position. Ms. Potter recalls Plaintiff returning to the car and being "shocked and disappointed because she was told by the hiring employee inside that the company was not hiring females for the position." (Attachment #3; Michelle Potter Affidavit).

by Defendant or asserted in a different context by Defendant, which are therefore in dispute:

4.     Plaintiff did not fill out an application. (Lisa Minton Dep. pp. 83: 19 -- 86:20). However, Plaintiff did tell Rawlins she was there to apply for the route sales position. She told him: "**I said that I was there to apply for the job**." (Lisa Minto Depo. pp. 70; 2-7). Plaintiff did not apply for the position because Manager Pete Rawlins did not allow her to fill out an application. Rawlins would not let Plaintiff fill out an application. She testified that "**he wouldn't let me fill out an application.**" (Lisa Minton Depo. pp. 84:6-9)(emphasis added)(see also Lisa Minton Affidavit). When Plaintiff "**said something about filing out an application**", Rawlins "**shunned [her] off.**" (Lisa Minton Depo. pp. 85: 15-21)(emphasis added).

5.     Defendant Trumbull later hired a male, George Grimes, to fill the advertised Route Sales position. (Trumbull Affidavit, ¶6)(Undisputed)[3].

6.     Rawlins gave Plaintiff the impression he was the decision-maker. **Q: Did Pete give you the impression it was up to him as to who would be hiring for that position? A: Yes, he did."** (Lisa Minton Depo. pp. 86:21 – 87:2)(emphasis added). In fact, Rawlins is a Manager and was the one that made the decision to tell her they could not hire her. (Lisa Minton Depo. pp. 83:15-18). Rawlins knew what he was saying was wrong, yet he laughed about it and thought it was funny. Plaintiff testified that Rawlins "laughed, yes, sir. He did. His comment was, I know I shouldn't be saying this and laughed." (Lisa Minton Depo. 83:15-18). Plaintiff was qualified to handle the heavy lifting requirements of the position and had experience with heavy lifting route sales positions. Plaintiff told Rawlins that "I do have experience in this. I have pulled produces from Swan's trucks

---

[3]**This fact is undisputed**; however to properly respond to the Court's order and to keep paragraphs in order, Paragraph # 5 is listed here under disputed facts.

climbing up on the ladders of the side of the truck, reaching up, pulling products off of the truck. [Plaintiff explaining:] I can do this. [Pete Rawlins Responding]: Ma'am, we just – we just – and he actually thought it was funny. He laughed about it." (Lisa Minto Depo. pp. 77:11-18)(Lisa Minton Affidavit).

7.      On March 2, 2006 Plaintiff submitted an employment application with Trumbull. (Lisa Minton Depo. pp. 57:8 – 58:16; Jay Trumbull Affidavit ¶ 7). She has spoken to Jay Trumbull about available positions, however she had to cancel her formal interview because of a "family emergency." (Jay Trumbull Affidavit ¶ 7). Plaintiff states that the facts regarding this recent application are irrelevant as to the claims asserted herein and this motion for summary judgment.

8.      The plaintiff contends that Trumbull "has a discriminatory policy of not hiring females for available positions" and engages in a pattern and practice of discriminating against female job applicants on a class-wide bases." (First Amended Complaint ¶ 15). Although Plaintiff does not know any other employees who have applied for positions, she does know that Defendant Trumbull has **never hired a female for the route sales position.** (See Attachment # 5; Defendant's Interrogatory Response #4)(emphasis added). A total of 16 male employee have been hired for these positions. *Id.*

9.      Although Defendant contends that it has hired 111 employees at its Dothan facility and 63 have been female (See Jay Trumbull Affidavit ¶ 6; Defendant's Brief, Doc. #24, ¶ 9), Plaintiff contends that upon information and belief, it is possible that Defendant discriminates against all females in regards to the **route sales position** and discourages or has disallowed other females from applying for said position. As stated above, Defendant has never hired a female for the route sales position and the only female we are aware of that has applied is Plaintiff Minton, who was not

allowed to apply because she is a female. Furthermore, Defendant's own company slogan is "Hey Culligan **Man**" with a picture of a masculine male on many company images. (See Attachment #6; Culligan Advertisement)(emphasis added). This slogan is used on advertisements and on the Culligan website and further indicates a sexually discriminatory hiring policy.

### IV.   DIRECT EVIDENCE OF DISCRIMINATION

#### A.   Direct Evidence Standard

"In cases of discrimination proven by direct evidence, it is incorrect to rely on the *McDonnell Douglas*[4] test because, while circumstantial evidence is used to create an inference of discrimination under *McDonnell Douglas*, no such inference of discrimination is required in the case of direct evidence." *Bass v. Board of County Commissioners, Orange County, Florida*, 256 F.3d 1095, 1104 (11th Cir. 2001)(citing *Taylor v. Runyon*, 175 f.3d 861, 867 n.2 (11th Cir. 1999). The Middle District of Alabama specifically applied this approach in *Lane v. Ogden Entertainment, Inc.*, 13 F. Supp. 2d 1261 (M.D. Ala. 1998):

> The presentation of direct evidence is somewhat of a nuclear bomb at the summary judgment stage. Where the nonmovant presents direct evidence that, if believed by the jury, would be sufficient at trial, **summary judgment is not appropriate even where the movant presents conflicting evidence.**

*Lane*, 13 F.Supp.2d at 1273 (emphasis added)(*citing Merritt v. Dillard Paper Co.,* 120 F.3d 1181, 1189 (11th Cir.1997)).

If a plaintiff can prove direct evidence of discriminatory intent then the employer must prove by a preponderance of the evidence that the same employment decision would have been made in the absence of discriminatory intent. *Wall v. Trust Co. of Georgia*, 946 F.2d 805, 809 (11th Cir.

---

[4] The *McDonnell Douglas* test is used in cases "based on circumstantial evidence." *Bass v. Board of County Commissioners, Orange County, Florida*, 256 F.3d 1095, 1103 (11th Cir. 2001).

1991). If the Plaintiff does not offer sufficient direct evidence of discrimination, the court should look to the *McDonnell Douglas* framework to decide whether there is an inference of discrimination.

"[O]nce a plaintiff produces direct evidence of a discriminatory motive, and the trier of fact accepts this testimony the ultimate issue of discrimination is proved." *Evans v. McClain of Georgia Inc.*, 131 F.3d 957, 962 (11th Cir. 1997). The court in *Bass* went on to state that, "We have held that 'where the non-movant presents direct evidence that, *if believed by the jury*, would be sufficient to win at trial, **summary judgement is not appropriate** *even where the movant presents conflicting evidence.*'" *Id.* at 1112 (quoting *Mize v. Jefferson City Bd. Of Educ.,* 93 F.3d 739,742 (11th Cir. 1996)(emphasis added in *Bass*; additional emphasis added); *see also Lane*, 13 F.Supp.2d at 1273 (M.D. Ala. 1998) (same holding).

Direct evidence is "evidence, which if believed, proves existence of fact in issue without inference or presumption." *Wright v. Southhland Corp.*, 187 F.3d 1287, 1293 (11th Cir. 1999); see also *Damon v. Fleming Supermarket, Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999)(citations omitted)(Direct evidence of discrimination is evidence which reflects "a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee.") Direct evidence is "evidence from which a reasonable factfinder could find by a preponderance of the evidence, a casual link between an adverse employment action and a protected personal characteristic." *Wright*, 187 F.3d at 1294. Such evidence is evidence "that the defendant more probably than not discriminated against the plaintiff on the basis of a protected personal characteristic." *Id* at 1300.

### B.  Plaintiff has Presented Direct Evidence of Sex Discrimination

Defendant states that this "is a failure to hire case." Plaintiff states that this case is also about

Defendant's failure to allow females, such as Plaintiff, to apply. Such actions clearly constitute discriminatory hiring practices. Plaintiff has clearly shown that she was deterred from being allowed to apply by Defendant. (See Statement of Facts, ¶ 4). Plaintiff's testimony clearly meets the requirements of her prima facie "failure to hire case." *See E.E.O.C. v. Joe's Stone Crabs, Inc.,* 296 F.3d 1265, 1274 (11th Cir. 2002)(for purposes of exception to application requirement, employee must show "that she would have applied for the job but effectively was deterred from doing so by the employer's discriminatory practices."); *see also Bonham v. Regions Mortgage*, Inc., 129 F.Supp. 2d 1315, 1324 (M.D. Ala. 2001)(a plaintiff's failure to apply does not automatically defeat her discrimination claim.); *Tayler v. Hudson Pulp and Paper Corp.*, 788 F.2d 1455, 1462 11th Cir. 1986)("[A] nonapplicant may establish a prima face case by showing that due to the employer's discriminatory practices the application would have been a futile gesture.")

In *Haynes v. W.C. Caye & Co.*, 52 F.3d 928, 930 (11th Cir. 1995) the Eleventh Circuit held that comments by the defendant that he thought a newly created job "would require a man," and that he thought women were "not tough enough" to perform job duties, should have been considered direct evidence. The court stated:

> We conclude that at least two of [defendant's] comments could constitute direct evidence of discriminatory intent, [the] statement to [plaintiff] that women were simply not tough enough to do the job and his earlier suggestion ... that it would require a man to do the job.

*Haynes*, 52 F.3d at 930. The evidence offered in this case is even more damaging and direct and should clearly defeat a motion for summary judgment.

Defendant argues that President Jay Trumbull has exclusive hiring authority and therefore Pete Rawlins was not a decision-maker and therefore his comments, which must be taken as true for

purposes of this motion, cannot constitute direct evidence of discrimination. However, Mr. Rawlins is a manager of Trumbull Bottled Water and whether Jay Trumbull allows Pete Rawlins to make final hiring decisions is irrelevant.

Pete Rawlins clearly **made the decision** to not allow Plaintiff to apply for the sole reason that she is a female. Even if Rawlins was not the final decision-maker, he was clearly the initial decision-maker. Mr. Trumbull was not present in the room when Plaintiff attempted to apply and Rawlins represented to Plaintiff that he had decision-making authority. Rawlins made the decision to not allow Plaintiff to apply because Defendant **"can't hire a woman for this position."** (Lisa Minton Depo. pp. 83:21 – 84:2). It is clear that Rawlins had knowledge that what he was doing was wrong, yet he thought his discriminatory conduct was funny.[5] This is Plaintiff's clear and unequivocal testimony, which must be taken as true for purposes of this motion. Such evidence is clearly sufficient direct evidence which establishes a "casual link between the adverse employment action [of not being allowed to apply] and the protected personal characteristic [of being a female]." *See Wright*, 187 F.3d at 1294.

## V.   CIRCUMSTANTIAL EVIDENCE OF DISCRIMINATION

Plaintiff has also presented circumstantial evidence of discrimination to support her failure to hire claim. Defendant does not argue that Plaintiff could not meet her case under the circumstantial evidence standard. Therefore, Plaintiff does not have to rebut this argument and her

---

[5] Plaintiff points the Court to Rawlins' tone and knowledge of his discriminatory conduct which further supports the contention that such evidence is direct evidence of discrimination and further supports that Rawlins had authority to make the decision to not allow her to apply. (See Statement of Facts, ¶ 6)("Rawlins knew what he was saying was wrong, yet he laughed about it and thought it was funny.")

claims should survive summary jdgment.[6]  Because Defendant failed to articulate a legitimate, nondiscriminatory reason for the employment action taken, Plaintiff must survive summary judgment on the grounds that she has met her prima facie case of failure to hire based on her sex.

However, even if Defendant had alleged some legitimate reason for its actions, Plaintiff has clearly offered circumstantial evidence that would defeat any motion for summary judgment based on such a theory.  The indirect method of showing discrimination is set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981). A plaintiff attempting to prove discrimination, may do so "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256; *Rosenfield v. Wellington Leisure Products, Inc.*, 827 F.2d 1493, 1495 (11th Cir. 1987).  The burden is initially on the plaintiff to show a prima facie case of discrimination.  Upon this showing, the burden of production shifts to the employer to articulate legitimate, nondiscriminatory reasons for the employment action taken.  *Burdine*, 450 U.S., at 258.  If the defendant satisfies this burden, the plaintiff must prove that the articulated reasons are a mere pretext for discrimination.  *McDonnell Douglas*, 411 U.S., at 804-805.  However, the "'ultimate question remains the same:  whether the plaintiff can persuade the trier of fact that she has been the victim of intentional discrimination." *See Howard v. BP Oil Co.*, 32 F.3d 520, 525 (11th Cir. 1994).  **Again, Plaintiff stresses that Defendant**

---

[6]Federal Courts are consistent in requiring that parties opposing summary judgment shall be given a meaningful opportunity to rebut all grounds and all evidence advanced in support of a motion for summary judgment.  *See Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1310 (7th Cir. 1989)(**"When a party moves for summary judgment on ground A, his opponent is not required to respond on ground B** -- a ground the movant might have presented but did not.")(emphasis added); *see also, John Deere Co. v. American National Bank*, 809 F.2d 1190 (5th Cir. 1987)(reversing granting of summary judgment on ground not advanced by moving party since non-moving party did not have opportunity to respond.)

**has not offered any legitimate, nondiscriminatory reasons for its actions.**

Defendant attempts to argue that more than half (63 of 111) employees hired at the Dothan facility since 2001 have been females. However, **none** of these females were hired for the route sales position, because Defendant has **never hired a female for the route sales position.** (See Defendant's Interrogatory Response #4)(emphasis added). Although no females have been hired, a total of 16 male employees have been hired for these positions in recent years. *Id*. Plaintiff contends that upon information and belief, it possible that Defendant discriminates against all females in regards to the **route sales position** and discourages or has disallowed other females from applying for said position.[7] In fact, in this very instance Defendant hired a male, George Grimes, after failing to allow Plaintiff to apply. (See Statement of Facts, ¶ 5).

Furthermore, Defendant's own company slogan provides circumstantial evidence of discrimination. The company's uses the slogan **"Hey Culligan Man"** with a picture of a masculine male on many company advertisements and images. (See Attachment #6) It is clear that Defendant attempts to promote masculinity in an attempt to encourage only males to apply and further its goals of only hiring males for the route sales positions.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, Plaintiff respectfully requests that this Court deny the Defendant's Motion for Summary Judgment.

                                                  Respectfully submitted,

                                                  /s/ Joshua D. Wilson

---

[7] In fact, from the evidence offered by Plaintiff in this case, it could be inferred that the reason Defendant has never hired a female for the route sales position is that Defendant has a policy of not allowing females to apply for said position.

                                                                        C. Michael Quinn
                                                                         Joshua D. Wilson

                                                                        *Attorneys for Plaintiff*

**OF COUNSEL**:

WIGGINS, CHILDS, QUINN AND PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

**CERTIFICATE OF SERVICE**

        I do hereby certify that on this the  20th  day of  June , 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles K. Hamilton
Bainbridge, Mims, Rogers & Smith, LLP
The Luckie Building – Suite 415
600 Luckie Drive
Birmingham, Alabama 35223
Phone: (205) 879-1100
Fax: (205) 879-4300


        /s/ Joshua D. Wilson
        Of Counsel