**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **LISA MINTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:05-cv-878-VPM |
| ) | |
| **TRUMBULL BOTTLED WATER, INC.,** ) | |
| **d/b/a CULLIGAN OF THE WIREGRASS,** ) | |
| ) | |
| **Defendant.** ) | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE
OF DISCOVERY OR LEAVE OF COURT TO TAKE DEPOSITIONS**

Defendant Trumbull Bottled Water, Inc. d/b/a Culligan of the Wiregrass ("Trumbull") opposes the plaintiff's Motion for Continuance of Discovery or Leave of Court to Take Depositions (Doc. 32) on the following grounds:

1.   The Uniform Scheduling Order entered December 13, 2005 (Doc. 18) allowed the parties until June 9, 2006 to complete discovery. The plaintiff's lawyers had almost six months before the cut-off to depose Jay Trumbull and Pete Rawlins or request an extension of discovery, but failed to do so.

2.   The first paragraph of the Uniform Scheduling Order provides, "All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinary unforeseeable circumstances." Trumbull submits that the reasons given by the plaintiff for her request do not constitute "extraordinary unforeseeable circumstances." The depositions of Mr. Trumbull and Mr. Rawlins were indeed scheduled at one time, but were canceled at the request of the plaintiff, not Trumbull. Trumbull never agreed to extend the discovery deadline during settlement negotiations. Whatever impression plaintiff's

counsel might have had, Magistrate Judge Coody never "indefinitely continued" the case or suggested on the record that any deadlines in the Uniform Scheduling Order would be extended. In any event, the Clerk gave notice of Magistrate Judge Coody's potential disqualification on June 2, 2006, with only one week left in the discovery period.

3.  The Motion for Continuance of Discovery offers no explanation as to how the plaintiff might be so unfairly prejudiced without the depositions as to constitute "extraordinary unforeseeable circumstances." The Motion does not even suggest why the requested depositions are considered necessary or are expected to be helpful to the plaintiff's case.

4.  Subject to a few objections with which the plaintiff has not taken issue, Trumbull has fully responded to the plaintiff's written interrogatories and document requests.

For these reasons, Trumbull Bottled Water, Inc. submits that the plaintiff's Motion for Continuance of Discovery or Leave of Court to Take Depositions should be denied.

/s/ Charles K. Hamilton
Charles K. Hamilton
Attorney for Trumbull Bottled Water, Inc.

OF COUNSEL:

BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
The Luckie Building, Suite 415
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama  35253
(205) 879-1100
(205) 879-4300 (fax)
khamilton@bainbridgemims.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of June, 2006, I electronically filed the foregoing **Opposition to Plaintiff's Motion for Continuance of Discovery of Leave of Court to Take Depositions** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mr. C. Michael Quinn
Mr. Joshua D. Wilson
WIGGINS, CHILDS, QUINN AND PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203


/s/ Charles K. Hamilton
OF COUNSEL